Filed 9/9/22  P. v. Fregozo CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ROBERTO FREGOZO,<br><br>    Defendant and Appellant. | F083127<br><br>(Super. Ct. No. F18900893)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Cameron M. Goodman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

----

[*]    Before Hill, P. J., Detjen, J. and DeSantos, J.

Defendant Roberto Fregozo was found guilty of attempted voluntary manslaughter. He was sentenced to a total term of 24 years' imprisonment, which included upper term sentences on the count of conviction and on an enhancement. On appeal, defendant contends that his sentence must be vacated, and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code section 1170, subdivision (b).[1] The People concede the issue. We accept the People's concession, vacate defendant's sentence, and remand for resentencing consistent with amended section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On June 19, 2018, the Fresno County District Attorney filed a first amended information, charging defendant with attempted murder (§§ 664/187, subd. (a); count 1). As to count 1, the first amended information further alleged defendant personally inflicted great bodily injury (§ 12022.7, subd. (a)), personally discharged a firearm causing great bodily injury (§ 12022.53, subd. (d)), and personal use of a firearm (§ 12022.5, subd. (a)). The first amended information further alleged defendant suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)−(i), 1170.12, subds. (a)–(d)) and a prior serious felony conviction within the meaning of section 667, subdivision (a)(1).[2]

---

[1] All statutory references are to the Penal Code.

[2] The first amended information further alleged that defendant had served two prior prison terms (§ 667.5, former subd. (b)) for violations of section 273.5 and 211, neither of which was a sexually violent offense. On October 8, 2019, the Governor signed Senate Bill No. 136, which amended section 667.5, effective January 1, 2020. (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1.) Senate Bill No. 136 narrowed eligibility for the one-year prior prison term enhancement to those who have served a prior prison sentence for a sexually violent offense. (§ 667.5, subd. (b), as amended by Stats. 2019, ch. 590, § 1.) On June 10, 2021, the trial court dismissed both prior prison term enhancements on the People's motion.

On June 9, 2021, the jury found defendant not guilty of attempted murder but guilty of the lesser included offense of attempted voluntary manslaughter (§§ 664/192, subd. (a)).  The jury further found true that defendant had personally inflicted great bodily injury (§ 12022.7, subd. (a)) and personally used a firearm (§ 12022.5, subd. (a)).[3]

On July 26, 2021, the trial court sentenced defendant to 24 years in prison as follows:  on count 1, 11 years (the upper term of five years six months doubled due to the prior strike conviction), plus a 10-year (the upper term) firearm enhancement, plus a three-year great bodily injury enhancement.

On July 30, 2021, defendant filed a notice of appeal.

## DISCUSSION[4]

### I.  Senate Bill 567

Defendant contends that we must vacate the sentence and remand the matter because he did not admit, and the jury did not find true, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term, nor did the trial court rely upon a certified record of conviction.  The People concede that defendant's sentence should be vacated, and the matter remanded for resentencing in light of the changes effected by Senate Bill 567.  We accept the People's concession.

#### A.  Additional Background

The probation officer recommended the trial court find true six circumstances in aggravation and no circumstances in mitigation.  The circumstances in aggravation included one related circumstance related to the offense of conviction and five related to defendant's criminal history, probation or parole status, and performance on probation or parole.  The trial court found true only four aggravating circumstances:  (1) that

---

**3**　Because the jury found defendant not guilty of attempted murder, it made no finding on the section 12022.53, subdivision (d) allegation.

**4**　Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

defendant's convictions were numerous and becoming increasingly serious, (2) that defendant engaged in violent conduct which indicated a serious danger to society, (3) that defendant had served prior prison terms, and (4) that defendant's prior performance on probation or parole was unsatisfactory. It also found true one mitigating circumstance: that the crime was committed because of an unusual circumstance such as great provocation that was unlikely to reoccur. Defendant's criminal history, as summarized by the probation officer, included five prior felony convictions, six prior misdemeanor convictions, six violations of parole, and three violations of probation. The trial court made the following comment regarding the justification for imposition of the upper term:

> "The Court: [A]fter consideration of the mitigating and the aggravating circumstances, but for the grace of God, we didn't have a murder case, it was an attempted murder charged even though the jury found others, but it wasn't for the lack of trying, the Court would note. The Court does believe that the upper term of 11 years is the appropriate term for a violation of 664/192(a). Accordingly, the upper term is imposed of 11 years. For the same reason, the upper term of 11—ten years for the enhancement is imposed pursuant to Penal Code Section 12022.5."

Defendant did not admit any prior convictions—except for the prior strike conviction which the trial court could not consider for purposes of finding true aggravating circumstances (§ 1170, subd. (b)(5) ["The court may not impose an upper term by using the fact of any enhancement upon which sentence is imposed under any provision of law"])—and the record does not reflect that the trial court relied upon a certified record of conviction. The jury made no findings regarding whether defendant's violent conduct indicated a serious danger to society or whether defendant's performance on parole or probation had been unsatisfactory.

The trial court sentenced defendant to the upper term on count 1 and the firearm enhancement.

4.

**B. Analysis**

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court." (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.) Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (§ 1170, subd. (b)(2).) As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)

As a threshold matter, the parties agree, as do we, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]) and defendant's sentence is not yet final on appeal.

As the parties agree, the aggravating circumstances relied upon by the trial court were not found true by the jury, admitted by defendant, or found true in reliance on a certified record of defendant's prior convictions. The upper-term sentences on count 1 and the attendant firearm enhancement were inconsistent with the requirements of

section 1170, subdivision (b).[5] We therefore vacate defendant's sentence and remand for resentencing.

We take no position on how the trial court should exercise its discretion.

## **DISPOSITION**

Defendant's sentence is vacated, and the matter is remanded for resentencing consistent with amended section 1170, subdivision (b). In all other respects, the judgment is affirmed.

---

[5] The People do not argue that any error on this issue was harmless, and we therefore do not consider harmlessness.